**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Tyrone Pipkin, Gloria Harper, | ) | |
| Global Networking | ) | Case No. 1:07-cr-089 |
| Technology, Inc., and Computer | ) | |
| Training and Associates, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

_____

Before the Court is a "Stipulation to Release Post Indictment Restraining Order and for Defendant Tyrone Pipkin to Transfer Funds" filed on December 11, 2007. (Docket No. 31). The Court **ADOPTS** the stipulation and modifies the earlier restraining order as follows:

(1) Releasing the restraining order on all accounts at JP Morgan Chase Bank and First American Bank, under the name of T & G Business Solutions, Inc.;

(2) Requiring Defendant Tyrone Pipkin to transfer funds from the released T & G Business Solutions, Inc., accounts, within one week of being released, to satisfy fully the principal on the outstanding loan, id. #2, at the Great Lakes Credit Union. This loan was collateralized by a Certificate of Deposit ("CD"), numbered XXXXXXX0-S41, in the name of Tyrone Pipkin, at the Great Lakes Credit Union. The dividends earned on the CD shall be released for the limited purpose of paying the interest owed on the outstanding loan. The CD (including any dividends not used to pay interest on the loan) at the Great Lakes Credit Union will remain restrained by the earlier order of this Court until (i) the resolution of the guilt phase of this case and further order of this Court; or (ii) further agreement of the parties.

(3) Releasing the restraining order on all accounts at JP Morgan Chase Bank under the name of Tyrone Pipkin and Gloria Pipkin other than the aforementioned CD, numbered XXXXXX0-S41;

(4) Releasing the restraining order on all accounts in the name of Tyrone Pipkin at the Great Lakes Credit Union. Within one week of this release, Defendant Tyrone Pipkin will deposit $25,000 of those released funds with the United States to be placed in

an interest bearing account until (i) the resolution of the guilt phase of this case and further order of this Court; or (ii) further agreement of the parties.

(5) The United States agrees that it will not seek to seize, forfeit, or disgorge any funds deposited into the trust account of defense counsel. Defense counsel will be considered a bona fide purchaser with respect to the funds identified in this motion and stipulation that are paid for legal services performed.

Nothing in the stipulation or this order precludes Defendant Tyrone Pipkin from challenging: (i) any future asset seizure, forfeiture, or disgorgement by the United States; and (ii) in the event of a future asset seizure, forfeiture, or disgorgement, that the total amount seized, forfeited, or disgorged by the United States exceeds the amount allowable under applicable law.

**IT IS SO ORDERED.**

Dated this 12th day of December, 2007.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court